IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 5 1999

MARVIN BROWN,

    Plaintiff,

v.

    No. CIV-98-0042 MV/DJS

CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE DEPARTMENT,
BRUCE McALLISTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Plaintiff's response to the order entered January 28, 1999, and to review his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The initial partial payment toward the required filing fee will be waived, and, for the reasons below, Plaintiff's complaint will be dismissed as frivolous.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A complaint may be dismissed *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987) (dismissal under former § 1915(d) based on waiver); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) ("obviously repetitive" pleadings may be dismissed without requiring a responsive pleading); *Sack v. St. Francis*

*Hosp.*, 16 F.3d 417 (Table, text in Westlaw), 1994 WL 19037 at *2 (10th Cir.) (dismissal based on res judicata and collateral estoppel). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that judges of the New Mexico Second Judicial District Court illegally consolidated a number of proceedings involving Plaintiff during 1992-1994 and were without jurisdiction to enter certain orders. Plaintiff seeks $2 million in damages and equitable relief including expunction of records of those proceedings. As stated in ¶ (4) of the complaint, and as previously observed by this Court and the Court of Appeals for the Tenth Circuit, Plaintiff has filed other actions arising from these events. *See Brown v. New Mexico District Court Clerks*, No. CIV-96-0968 JC/RLP, mem. op. and order at 3 (D.N.M. Oct. 7, 1998); *aff'd, Brown v. New Mexico District Court Clerks*, --- F.3d --- (Table, text in Westlaw), 1999 WL 71794, at *1 n.2 (10th Cir. 1999). Plaintiff's claims in the instant complaint were, or could have been, brought in the previous litigation and are thus barred by the doctrine of res judicata. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992); *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *cert. denied*, --- U.S. ---, 118 S.Ct. 1396 (1998); *Brown*, 1999 WL 71794, at *1 n.2. The complaint is frivolous and will be dismissed.

IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED; an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE